UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**A. DUDA & SONS, INC., a Florida corporation, and
BASIN GOLD COOPERATIVE, a Washington
corporation,**

                            **Plaintiffs,**

          -v-                                                   5:07-CV-376

**OSWEGO GROWERS & SHIPPERS, INC., a New York
corporation, SAMUEL A. ZAPPALA, JAMES R. ZAPPALA
and DUANE P. NORTON, individually,**

                            **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Mackenzie, Hughes LLP
Nancy L. Pontius, Esq., of counsel
101 South Salina Street, PO Box 4967
Syracuse, New York 13221-4967
and
Neuers Law Firm, PL
Steven E. Nurenberg, Esq., of counsel
5395 Park Central Court
Naples, Florida 34109
Attorneys for Plaintiffs

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Presently before this Court is A. Duda & Sons, Inc.'s and Basin Gold Cooperative's

Motion for Entry of Default Judgment (Dkt. No. 21). Having reviewed the file, the Court finds

that plaintiffs are entitled to default judgment against defendants Oswego Growers & Shippers,

Inc., Samuel A. Zappala and James R. Zappala,[1] jointly and severally, in the principal amount of

---

[1] Plaintiffs filed a notice of voluntary dismissal without prejudice against defendant Duane Norton (Dkt. No. 14).

$32,460.00, along with taxable costs in the sum of $572.50, pre-judgment interest in the sum of $6,336.53, plus post-judgment interest at the rate set forth by 28 U.S.C. §1961, and reasonable attorney's fees and costs, all of which qualifies for protection under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. § 499e *et seq*.

Plaintiffs seek an award of attorneys' fees in the amount of $15,114.00.  Plaintiffs' counsel have submitted detailed, itemized affirmations regarding the hours expended.  Most services were performed, it appears, by Steven E. Nurenberg, Esq., an associate in plaintiffs' Florida law firm.  In order to award attorney's fees in this case, however, the Court needs information enabling it to determine whether the requested hourly rate is "presumptively reasonable." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 192-93 (2d Cir. 2008).  Accordingly, the Court gave plaintiffs an opportunity to file supplemental papers with information regarding the status of each attorney performing the work and the prevailing rates of similarly-situated attorneys in the relevant legal community.

The Court has now received additional submissions in support of the request for attorney's fees. With respect to the services of local counsel Mackenzie Hughes, LLP, the Court notes that in this district, the prevailing rates are currently $210.00 per hour for the most experienced attorneys, $150.00 per hour for attorneys with four or more years of experience, $120.00 per hour for attorneys with less than four years of experience, and $80 per hour for paralegals.  *See, e.g., Onondaga Co. Laborers' Health and Welfare, Pension, Annuity and Training Funds v. Maxim Const. Service Corp.*, 2008 WL 2385928, *4 (N.D.N.Y. June 09, 2008).  Counsel has adduced no evidence warranting a different rate.  Accordingly, attorney's fees for Nancy L. Pontius, Esq., amount to $1,659 (7.9 hours at $210 per hour), and for legal assistants amount to $176 (2.2 hours

at $80 per hour), for a total of $1,835.

With respect to the services of Meuers Law Firm, PL, a law firm based in Naples, Florida, specializing in the representation of the produce industry in PACA litigation.[2] The supplemental affidavit of Steven E. Nurenberg, Esq., demonstrates that a reasonable, paying client would be willing to pay the out-of-state hourly fee requested, that is, $275 per hour. His affidavit does not, however, establish the identities or qualifications of others in his office who worked on the file, and no award is made with respect to their services. Accordingly, attorney's fees requested for the services of Meuers Law Firm PL, are reduced by $450 (the total requested for the other people working on the file, for a total of $12,458. The grand total of attorney's fees awarded is $14,293 ($1,835 plus $12,458).

It is therefore

ORDERED that the motion for default judgment (Dkt. No. 21) is granted; and it is further

ORDERED that plaintiffs are entitled to default judgment against defendants Oswego Growers & Shippers, Inc., Samuel A. Zappala and James R. Zappala, jointly and severally, in the principal amount of $32,460, along with taxable costs in the sum of $572.50, pre-judgment interest in the sum of $6,336.53, attorney's fees in the amount of $12,458, for a total judgment of $51,827.03, plus post-judgment interest at the rate set forth by 28 U.S.C. §1961, all of which qualifies for protection under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a *et seq.*

IT IS SO ORDERED

September 24, 2008

Norman A. Mordue
Chief United States District Court Judge

---

[2] Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. § 499a, *et seq.*

Syracuse, New York